IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KEITH ROSEBERRY,

                           Plaintiff,

vs.                                       Civil Action No.
                                                     1:06-CV-536 (DEP)

MICHAEL J. ASTRUE, Commissioner of
Social Security,[1]

                           Defendant.

---

**APPEARANCES:**                                 **OF COUNSEL:**

**FOR PLAINTIFF**

OFFICE OF LOUISE TARANTINO          LOUISE TARANTINO, ESQ.
Empire Justice Center
119 Washington Avenue
2nd Floor
Albany, New York 12210

**FOR DEFENDANT**

OFFICE OF GENERAL COUNSEL           SUSAN REISS, ESQ.
Social Security Administration
26 Federal Plaza - Room 3904
New York, NY 10278

---

[1] Plaintiff's complaint, which was filed on May 2, 2006, named Jo Anne B. Barnhart, the former Commissioner of Social Security, as the defendant. On February 12, 2007, Michael J. Astrue took office as Social Security Commissioner. He has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. See 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on March 12, 2008 during a telephone conference which was both digitally recorded, and at which a court reporter was also present. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in his appeal.

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.

/s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge

Dated:   March 13, 2008
         Syracuse, NY

-3-

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

KEITH ROSEBERRY,

                                    06-CV-536

vs.
JOANNE BARNHART
Commissioner of Social Security,
                        Defendant.
-----------------------------------------------------
```

EXCERPT OF MINUTES OF TELEPHONE CONFERENCE
held on March 12, 2008
at the United States District Courthouse
100 South Clinton Street, Syracuse, New York,
the HONORABLE DAVID E. PEEBLES, Presiding.


A P P E A R A N C E S

<u>FOR THE PLAINTIFF</u>
EMPIRE JUSTICE CENTER
119 Washington, Avenue, 2nd Floord
Albany, New York 12210

<u>FOR THE DEFENDANT</u>
SOCIAL SECURITY ADMINISTRATION
OFFICE OF REGIONAL GENERAL COUNSEL
26 Federal Plaza - Room 3904
New York, New York 10278
SUSAN J. REISS, ESQ.



*Diane S. Martens, RPR*
*Official U.S. Court Reporter*
*100 S. Clinton Street*
*Syracuse, New York 13261*

1         (Open court:)
2         THE COURT:  All right.  Counsel, I'm going to have
3  to cut you off.  I've got a courtroom full of people waiting
4  for me.  I appreciate your arguments.  They've been very
5  helpful.  I've reviewed your briefs.  I reviewed very
6  carefully the record and, in particular, the records of care
7  and treatment of the plaintiff from the Community Care
8  Physicians.  I have applied the requisite deferential
9  standard and attempted to discern whether there was
10 substantial evidence in the record to support the
11 Commissioner's determination.
12        I would say that if I were writing on a clean
13 slate, I might -- might -- find that the claimant is disabled
14 or at the very least additional information should be sought.
15 I am somewhat troubled by the fact that Dr. Balagtas in the
16 consultative orthopedic report did not place any specifics or
17 objectives indicia on her opinions regarding the plaintiff's
18 ability to, among other things, sit, stand, walk and lift.
19        However, I do find that there is substantial
20 evidence in the record to support the Commissioner's
21 determination and here is the reason why.  I do not find any
22 evidence of any significant limitations presented by
23 plaintiff's diagnosed mental conditions on his ability to
24 perform work-related functions.  I have reviewed carefully
25 the opinions of Nurse Practitioner Olszewski, the opinions of

1  consultative examiner Dr. Seltenreich and Dr. Hameed and they
2  uniformly suggest to me that there is no significant
3  limitation presented by those mental conditions.
4          I have reviewed the remaining evidence to determine
5  whether the sedentary work finding is supported by
6  substantial evidence.  Nurse Practitioner Olszewski does have
7  a somewhat more restrictive view of the plaintiff's RFC; but
8  he is not a treating source and so his opinions, though
9  entitled to some weight under SSR06-03p, they're not entitled
10 to controlling weight.
11         I think Dr. Balagtas' report generally supports the
12 determination.  Clearly, the notes of treatment over time by
13 Nurse Practitioner Olszewski support the determination and
14 the treating physician Dr. DeCamp supports it.  It also draws
15 support from the Dr. Auerbach consultative report.
16         Based on the RFC finding, I think resort to the
17 Grid was entirely appropriate and, therefore, I will grant
18 defendant's motion for judgment on the pleadings.  I will
19 affirm the Commissioner's determination and order dismissal
20 of plaintiff's complaint.  I will incorporate into an order
21 by reference today's decision and it will be attached.
22         There's a court reporter present and we will make a
23 transcript and attach my ruling to the orders in case the
24 plaintiff wishes to appeal my very correct and cogent ruling.
25 And I appreciate your participation in this process.  Hope

```
1   you have a good afternoon.
2              MS. REISS:  You too.  Thank you very much.
3              MS. TARANTINO:  Thank you.
4              (Proceedings were adjourned.)
5
6                    C E R T I F I C A T I O N
7
8
9              I, DIANE S. MARTENS, Registered Professional
10  Reporter, DO HEREBY CERTIFY that I attended the foregoing
11  proceedings, took stenographic notes of the same, that the forego
12  is a true and correct copy of same and the whole thereof.
13
...
20                                    _____
21                                    DIANE S. MARTENS, RPR
```